**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4059


SAUL CEJA MARTINEZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A071-981-882)
Immigration Judge:  Honorable Andrew R. Arthur
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
May 22, 2013

Before:  AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: May 31, 2013)
_____

OPINION
_____

PER CURIAM

      Saul Ceja Martinez, a native and citizen of Mexico, was convicted in 2009 of the

offense of Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846.  In 2012, he

was charged as removable as, among other things, an aggravated felon pursuant to 8

U.S.C. § 1227(a)(2)(A)(iii). Based on the record of conviction submitted by the Department of Homeland Security, an Immigration Judge ("IJ") held that Martinez was removable as charged.[1] Martinez sought protection under the United Nations Convention Against Torture ("CAT") and claimed that he would be subject to torture if he were returned to Mexico because he provided information to federal and state authorities concerning two of his co-conspirators.

After weighing the evidence—including Martinez's testimony and that of his expert witness—the IJ found that the extent of Martinez's cooperation was unclear and uncorroborated and that there was no evidence that one of his co-conspirators was Mexican or that either co-conspirator was connected to any Mexican drug cartels. Thus, the IJ held that Martinez had not demonstrated that it was more likely than not that he would be tortured upon return to Mexico. Moreover, the IJ held that even if he had demonstrated that his co-conspirators had ties to drug cartels, he still would not have satisfied his burden because he did not show that such torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Martinez appealed to the Board of Immigration Appeals ("BIA"), which affirmed after adopting the IJ's decision and summarizing the IJ's conclusions. He now petitions this Court for review.

_____

[1] The IJ also held that because Martinez is an aggravated felon, he is ineligible for asylum or withholding of removal. Martinez has not challenged the finding of removability or the determination that it renders him ineligible for other forms of relief before the Agency or in this petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal. Our review is of the BIA's ruling, but "[w]e will review the immigration judge's opinion to the extent it was adopted by the BIA." Cham v. Att'y Gen., 445 F.3d 683, 690 (3d Cir. 2006). Because Martinez was ordered removed due to a conviction for an aggravated felony, our jurisdiction is limited to "'constitutional claims or questions of law.'" Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (citing 8 U.S.C. § 1252(a)(2)(C) & (D)). As a threshold matter, such claims must be colorable. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. at 186–87 (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)).

Martinez argues that the BIA erred in relying upon three cases from other circuits, Ramsameachire v. Ashcroft, 357 F.3d 169 (2d Cir. 2004), Rashiah v. Ashcroft, 388 F.3d 1126 (7th Cir. 2004), and Almaghzar v. Gonzales, 457 F.3d 915 (9th Cir. 2006), that were cited in support of the BIA's statement that "[e]vidence of the possibility of torture generally, does not meet the standard of establishing that it is more likely than not that a particular alien would be targeted for such treatment." A.R. 4. Martinez contends that these cases prescribe an analytical framework for CAT claims that conflicts with our own precedent, Berishaj v. Ashcroft, 378 F.3d 314 (3d Cir. 2004).

We disagree. Martinez suggests that the Ramsameachire was cited for the proposition that CAT claims have an objective component which conflicts with our

3

holding that "CAT claims are entirely concerned with the objective likelihood of torture." Berishaj, 378 F.3d at 332. This is simply incorrect: the BIA unambiguously cited Ramsameachire for the proposition that an "IJ must determine whether someone in the alien's particular circumstances is more likely than not to be tortured." A.R. 4. Moreover, Ramsmeachire's holding that "to prevail on a CAT claim the alien need only proffer objective evidence [establishing] that he or she is likely to be tortured in the future," 357 F.3d at 185, is entirely consistent with our jurisprudence. See Berishaj, 378 F.3d at 332. Rashiah and Almaghzar also do not conflict with our precedent in any relevant respect. Martinez argues that in contrast to Almaghzar, Berishaj requires consideration of the frequency with which torture occurs to determine eligibility for relief under the CAT. This too is simply incorrect; Berishaj noted only that the frequency with which torture occurs was not sufficient on its own to "compel the conclusion that [a petitioner will] more likely than not suffer torture upon removal." See Berishaj, 378 F.3d at 333.

Martinez's arguments regarding the alternative holding that the Mexican government has not acquiesced in torture are meritless because Martinez has not raised any colorable legal or constitutional challenge to the BIA's conclusion that he is not likely to be tortured in the first place. His remaining arguments, though couched in terms of fundamental fairness and due process, plainly attack the weight the BIA afforded Martinez's evidence. They are therefore beyond this Court's jurisdiction. See Cospito v. Att'y Gen., 539 F.3d 166, 170-71 (3d Cir. 2008).

4

As Martinez does not present any colorable constitutional claims or questions of law, his petition for review is beyond the ambit of our limited jurisdiction.  See 8 U.S.C. § 1252(a)(2)(C); Pareja, 615 F.3d at 186.  We will dismiss it on that basis.